IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 11-cr-00440-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JOHN THOMAS CASADOS, JR.,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on the Government's Motion to Continue Motions Hearing and Reschedule Trial Dates [Docket No. 32]. Trial in this matter is currently scheduled for December 27, 2011. A motions hearing is set for December 19, 2011. The United States seeks a continuance of the motions hearing and the trial because one of its expert witnesses, Jean McAllister, is unavailable for both.

Before discussing the government's motion to continue, it is necessary to review the defendant's Motion to Exclude Government's Proposed Expert Jean G. McAllister [Docket No. 28]. One of the grounds for such motion is that, at least as of the time the motion was filed, the government had not disclosed the opinions of Ms. McAllister. *See* Docket No. 28 at 3. The Court's Order of November 9, 2011 established that "expert witness disclosures pursuant to Fed. R. Crim. P. 16 shall be made no later than seven days before the deadline for filing pretrial motions and any challenges to such experts shall be made by the pretrial motion filing deadline." Docket No. 23 at 1. The deadline

for filing pretrial motions was November 30, 2011.  *Id.*  Thus, the government's deadline for filing disclosures pursuant to Rule 16 was November 23, 2011.[1]

Neither the defendant in its motion to exclude nor the government in its motion to continue has provided a copy of the government's expert witness endorsement.  As mentioned above, the defendant claims that the government has failed to provided any disclosure of Ms. McAllister's opinions.  The United States, while not addressing the issue directly, states that, on "November 18, 2011, the government sent notice to defense counsel of its intent to designate Jean McAllister as a expert regarding domestic violence and included Ms. McAllister's CV and a brief summary of what type of testimony the government intended to solicit."  Docket No. 32 at 2.  It is not clear what testimony of Ms. McAllister is needed to respond to the claim that the government has failed to provide timely disclosures of Ms. McAllister's opinions.  If the motion to exclude is granted, then the motion to continue is moot.  Thus, the Court will first resolve that aspect of the motion to exclude that argues that Ms. McAllister should be barred from testifying because the government has failed to disclose her opinions.

Wherefore, it is

---

[1] The expert witness provision of Rule 16 is written in terms of reciprocal discovery: "At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705."  Fed. R. Crim. P. 16(a)(1)(G).  It is unclear whether defendant has requested expert disclosures pursuant to this provision.  *See* Docket No. 19 at 4, paragraph 8.  However, the Discovery Conference Order states that "[w]ritten summaries of any testimony that the government intends to use under Rules 702, 703, or 705, Fed. R. Crim. P. 16(a)(1)(G)[,] shall be provided on such schedule as the District Court shall determine upon motion by either party."  *Id.* at 8.

ORDERED that, on or before December 8, 2011, the United States shall respond to defendant's Motion to Exclude Government's Proposed Expert Jean G. McAllister [Docket No. 28] and shall attach to its response its endorsement of Ms. Jean McAllister and any opinions of Ms. McAllister that it has disclosed.

DATED December 7, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge