IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 11-cr-00440-PAB

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. JOHN THOMAS CASADOS, JR.,

 Defendant.

_____

**ORDER**
_____

This matter comes before the Court on the United States' Motion to Dismiss the Indictment Without Prejudice [Docket No. 41].

Defendant is charged in a one-count indictment with domestic abuse by a habitual offender in violation of 18 U.S.C. §§ 117(a)(1) and 1152. Trial is scheduled to commence in this case on December 27, 2011.[1] The government requests that the indictment be dismissed without prejudice pursuant to Fed. R. Crim. P. 48(a). Rule 48(a) provides that the "government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The Court in determining whether to dismiss the indictment "at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984). Upon considering the

---

[1] The government filed a motion to continue on December 7, 2011 [Docket No. 32]. A number of other motions remain pending in this matter. *See* Docket Nos. 26, 27, 28, 29. A motions hearing is currently scheduled for December 19, 2011.

reasons offered, the Court may exercise its discretion to deny a request for dismissal, but such discretion is "severely cabined."  *In re Richards*, 213 F.3d 773, 788 (3d Cir. 2000); *see United States v. Robertson*, 45 F.3d 1423, 1437 n.14 (10th Cir. 1995) ("[C]ourts are vested only with limited supervisory power over prosecutorial charging decisions specifically under Rule 48(a)."). "A court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'" *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985); *see United States v. Romero*, 360 F.3d 1248, 1253 (10th Cir. 2004) ("Analyzing the matter under Rule 48(a), we are persuaded the district court abused its discretion in denying the motion because dismissal was not clearly contrary to manifest public interest."). "[T]here are independent rights, interests, and duties that a court may protect, through using Rule 48(a) as a 'sunshine' provision that exposes the reasons for prosecutorial decisions," such as defendant's right to "not be harassed by repeated prosecutions that are dismissed before jeopardy attaches."  *In re Richards*, 213 F.3d at 788; *see Derr*, 726 F.2d at 619 ("The primary purpose of the requirement that the prosecutor obtain leave of court is to prevent harassment of a defendant by a prosecutor's charging, dismissing, and recharging the defendant with a crime."). In the event a court finds that such an interest must be protected, "the judge might rightly condition dismissal on its being with prejudice."  *In re United States*, 345 F.3d 450, 453 (7th Cir. 2003) (citing *Derr*, 726 F.2d at 619); *United States v. Towill*, 548 F.2d 1363, 1369-70 (9th Cir.1977)).

Defendant argues that the government has not proffered adequate reasons for

dismissal without prejudice.  However, this is not a case where the prosecution has offered no explanation for its request beyond "dissatisf[action] with the state of the investigation."  *Derr*, 726 F.2d at 619.  The government represents that, at the time of filing its request to dismiss the indictment without prejudice, the government could not locate the alleged victim, who had been on supervised release.  Docket No. 41 at 3.  Furthermore, the government indicates that the alleged victim has recanted her account of what occurred in this case.  According to the government, the defendant in this case, despite an order that he have no contact with the alleged victim, called her over 200 times while in custody.  "The government believes these calls have had an effect on the victim's willingness to cooperate and go forward with this case."  Docket No. 47 at 4.

The alleged victim has recently been arrested and will be prosecuted by the government for her supervised release violations.  *See* Docket No. 47 at 5.  The government expresses its concern about proceeding to trial in light of the fact that it will be in an adversarial relationship with the alleged victim in this case.  Furthermore, the "government is also concerned there may be a conflict with the same office prosecuting both the victim and defendant and how that may impact testimony, willingness to cooperate, as well as Fifth Amendment implications in this case because the victim's actions the night of the incident are some of the same actions that are now the subject of her revocation."  Docket No. 47 at 5.

The Court concludes, upon consideration of the reasons offered by the government, that dismissal without prejudice is justified.  There is no indication that the government seeks to harass the defendant or that its actions have been taken in bad faith.  *See United States v. Palomares*, 119 F.3d 556, 558 (7th Cir. 1997) ("The key

3

factors in determining the propriety of the government's dismissal motion are the government's reasons and good faith. The district court may presume the government has acted in good faith, but the government must provide more than conclusory reasons for seeking dismissal.") (citation omitted); *see also United States v. Biglow*, 2009 WL 3713047, at *3 (D. Kan. Nov. 4, 2009) (finding, in a case where the government sought dismissal so as to determine whether "to continue with one large conspiracy or to break up the conspiracy count into smaller conspiracies," that the "government's reasons in seeking a dismissal, without prejudice, . . . are valid and the government is not seeking to harass defendants by moving to dismiss the indictment").[2] Furthermore, in light of the defendant's possible involvement in the alleged victim's reluctance to cooperate, the Court believes it appropriate to consider the incentive that dismissal of this case with prejudice could create.

For the foregoing reasons, it is

---

[2]*Cf. United States v. Shaw*, 2008 WL 65390, at *3-4 (W.D. Ky. Jan. 4, 2008) (citations omitted):

> Here, the Court sees no evidence of any bad faith on the Government's part, does not believe that the Government seeks to dismiss the indictment for an unlawful reason, and does not find dismissal 'clearly contrary to manifest public interest.' . . . .
>
> The Court finds that this situation merits a dismissal without prejudice. The Government does not have an improper purpose; it just does not currently have enough evidence to continue with this prosecution. The Government is not trying to gain a tactical advantage or escape from a position of less advantage. For example, in *Palomares*, the court found that the district court's decision to grant leave to the Government to dismiss the indictment without prejudice was proper because the Government's motion was premised on the fact that it had repeatedly tried but could not locate its essential witness, and thus had little evidence. The Court concluded that the Government was not trying to gain a tactical advantage and did not pursue its motion in bad faith.

**ORDERED** that the United States' Motion to Dismiss the Indictment Without Prejudice [Docket No. 41] is GRANTED. The indictment in this matter is DISMISSED without prejudice. It is further

**ORDERED** that the other pending motions in this case [Docket Nos. 26, 27, 28, 29, 32] are deemed moot. It is further

**ORDERED** that the December 19, 2011 motions hearing, the December 22, 2011 trial preparation conference, and trial commenced to begin on December 27, 2011 are vacated. It is further

**ORDERED** that the defendant shall be released on this case.

DATED December 16, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge